## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

JEFFERY LOVE )
       )
          Plaintiff, )    Civil Action No. <u>3:22cv213-MPM-JMV</u>
       )
       )
v. )
       )
       )
       )
LEE INDUSTRIES, INC. )
       )
          Defendant. )

## COMPLAINT
## JURY TRIAL DEMANDED

    **COMES NOW,** the Plaintiff, Jeffery Love ("Plaintiff" or "Mr. Love"), by and through counsel, and files this his *Complaint* against Defendant Lee Industries Inc., ("Defendant or Lee Industries Inc."). For cause of action, Plaintiff would show unto this Honorable Court the following facts, to wit:

### THE PARTIES

1.    Plaintiff is an adult resident citizen of Tallahatchie County, Mississippi whose address is 261 George Payne Blvd. Charleston, Mississippi.

2.    Defendant is a corporation duly organized and existing under the laws of the State of Pennsylvania and domiciled in Centre County, Pennsylvania with is principal place of business located at 50 W Pine St., Phillipsburg, PA 16866-2430 and whose registered agent for service of process is located at 514 W Pine St. Phillipsburg, PA 16866..

## JURISDICTION AND VENUE

3.      Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 (a) because the amount in controversy exceeds $75,000, exclusive of costs, and the matter involves citizens of different states. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate all other claims so related arising under the laws of the State of Mississippi.

4.      Venue is proper in this Court because the cases of action that gave rise to this claim occurred within the Northern District of Mississippi, and the Plaintiff is a lawfully admitted permanent resident of the United States located within the Northern District of Mississippi.

## FACTS ASSERTED

5.      At all times herein material, Defendant was engaged in the design, manufacture, sale and distribution of industrial food processing machinery, those machines being ultimately sold in the State of Mississippi, among other states.

6.      At all times herein material, Defendant was engaged in the retail sale of industrial food processing machinery, including the sale of industrial food processing machinery that were designed, manufactured and sold by Defendant including the food processing kettle hereinafter described and purchased by the Plaintiff.

7.      Defendant designed, manufactured, sold and placed into the stream of commerce a Kettle 7 Model 600 DMS1 kettle bearing identification Serial No. 61191-1 (hereafter collectively referred to as the "Kettle").  This Kettle was purchased by Ajinomoto Foods North America, Inc from Defendant on January 4, 2010.

8.    On October 4, 2019, while operating the Kettle, Plaintiff was sanitizing the machine when without prior warning the machine activated, at which time both Plaintiff's entire body came in contact with the spindle blades and cutterhead causing Plaintiff to suffer the damages and injuries as hereafter described.

9.    At the time and as a result of the aforesaid incident, Plaintiff sustained the following serious, painful, disabling injuries and conditions, some or all of which are permanent in nature:

(a)  mangling injury to Plaintiff's lower extremity, resulting in permanent impairment to both Plaintiff's legs;
(b)  lacerations and other disfiguring characteristics;
(c)  severe embarrassment and great emotional disturbance and attendant nervous disorders;
(d)  was made sick, sore, lame and disabled and was obliged to endure great pain and suffering of body and anguish of mind;
(e)  has sustained a loss of energy, strength, and ability to enjoy life; and
(f)  was prevented from attending his usual occupations and will thereby be prevented from attending to his usual occupations for a period or periods in the future.

10.   The injuries suffered by Plaintiff in the accident are of a permanent nature and have caused him severe injuries resulting in pain and suffering, medical expenses, lost wages and a lost earning capacity, all of which will continue in the future for the rest of his life.

11.   The acts and/or omissions of the Defendant were the proximate cause of the aforesaid incident complained of and the resulting injuries to Plaintiff, and the acts and/or omissions of Defendant constitute the combined, concurrent and joint negligence, breach of express warranty, breach of implied warranty of fitness, breach of implied warranty of merchantability, and strict liability for which Defendant are jointly and/or severally liable to Plaintiff.

**COUNT ONE**
**STRICT LIABILITY**

12.   All of the averments contained in paragraphs 1 through 11 are incorporated herein be reference as if fully set forth below.

13.     Plaintiff is informed and believes that the Kettle was then in the condition existing when Defendant sold and/or delivered the product to Ajinomoto Foods North America, Inc.  Plaintiff is informed and believes that the same condition of the Defendant existed when Ajinomoto Foods North America, Inc.  caused the Plaintiff to use the machine, and the condition of the product remained substantially unchanged when Plaintiff began to use the machine and sustained injuries while using it.

14.     The Kettle was defective in its design, workmanship, construction, manufacture, marketing and testing and investigation of component parts, and as a result was defective, unsafe and inadequate for the use for which it was made, intended to be used and was being used.

15.     The Kettle, because of its defective design, workmanship, construction, manufacture, marketing and testing and investigation of component parts, was inherently dangerous and capable of causing serious bodily injury when in operation and, as a result, was unreasonably dangerous to potential purchasers and users and the Plaintiff.

16.     The Kettle was additionally defective in design, workmanship, manufacture, production, marketing and testing and investigation of component parts, and inherently dangerous in that the exposed spindle blades with no mechanism for preventing automatic turn on while in the cleaning process were so defectively designed and manufactured as to offer an accident hazard in itself in that it rotated at the same or approximate same speed as the cutterhead and failed to adequately protect the operator's body from injury from contact with these blades.  The Kettle was so defectively designed and manufactured in that the point of operation of the machine exposed the operator to unreasonable risks of injury.   As a result, the Kettle was unreasonably dangerous to potential purchasers and users and to the Plaintiff.

17.    The Defendant knew, or should have known, that the Kettle would be used in the manner complained of, and, nevertheless, permitted the purchase of said machine by purchasers and in particularly the Plaintiff and/or Plaintiff's Employer for such use without adequate point of operation guarding and without adequate safety warnings and/or safety instructions.

18.    The Kettle, were it properly designed, manufactured and marketed would not have been inherently dangerous but, because of its defective design, manufacturing and marketing, it was unreasonably dangerous to Plaintiff who was unaware of its dangers, hazards, and peril.

19.    As a direct and proximate result of the defects in Defendant's Kettle and of the failure of Defendant to give Plaintiff adequate safety warnings of those defects, Plaintiff sustained serious and permanent bodily injuries as set forth above.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

20.    All of the averments contained in paragraphs 1 through 19 are incorporated herein be reference as if fully set forth below.

21.    Plaintiff avers that Defendant is jointly and/or severally liable for the injuries to Plaintiff and for the resulting damages in that the Kettle was defectively designed and manufactured and in a defective condition when sold to the Plaintiff thereby violating the express warranties which were attached to and accompanied this product.

22.    Defendant described the product to Plaintiff as being free from defects in material and workmanship.

23.    In using the Kettle, Plaintiff relied upon the skill and judgment of the Defendant and upon Defendant express warranty as specified above.

24.     As a result of the defects in material and workmanship described above, Defendant breached their express warranty that the Kettle was in a marketable condition, safe for use by ultimate users and consumers and in particular the Plaintiff.

25.     As a direct and proximate result of the breach of express warranty by Defendant, and each of them, Plaintiff sustained serious and permanent bodily injuries as set forth above.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF FITNESS

26.      All of the averments contained in paragraphs 1 through 25 are incorporated herein be reference as if fully set forth below.

27.     Defendant impliedly warranted that the Kettle when used was fit for the purpose for which it was designed, that it was a safe and suitable machine to be used in food processing that the product was equipped with safety features that would protect the operator's body at the point of operation, and that said product was fit and suitable for that purpose.  In reliance upon Defendant skill and judgment and the implied warranties of fitness for that purpose, Plaintiff used the Kettle.

28.     The Kettle was, in fact, not fit for use for its intended purpose and Defendant breached the implied warranties set forth above.

29.     As a direct and proximate result of that breach of warranty, Plaintiff sustained serious and permanent bodily injuries as set forth above.

30.     Defendant' actions constitute a breach of the implied warranty.

## COUNT FOUR
## IMPLIED WARRANTY OF MERCHANTABILITY

31.  All of the averments contained in paragraphs 1 through 30 are incorporated herein be referenced as if fully set forth below.

32. Defendant impliedly warranted that the above-mentioned Kettle was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which Kettles are designed and used.

33. In reliance upon said warranty of merchantability, Plaintiff used the Kettle as hereinabove described.

34. The Kettle was not of merchantable quality and was unfit, unsafe, and unsuitable for the purpose for which it was intended.

35. As a direct and proximate result of that breach of warranty, Plaintiff sustained serious and permanent bodily injuries as set forth above.

36. Defendant's actions constitute a breach of the implied warranty set.

## COUNT FIVE
## NEGLIGENCE

37. All of the averments contained in paragraphs 1 through 36 are incorporated herein by reference as if fully set forth below.

38. Defendant was careless and negligent in designing, manufacturing, testing, selling and placing into the stream of commerce, the Kettle described in this complaint in such defective condition, and in failing to warn potential purchasers and users of the inherently dangerous characteristics of that product.

39. The direct negligent acts of the Defendant was the proximate result of Plaintiff sustaining serious and permanent bodily injuries as set forth above.

## COUNT SIX
## PUNITIVE DAMAGES

40. All of the averments contained in paragraphs 1 through 39 are incorporated herein by reference as if fully set forth below.

41.  Defendant had actual knowledge that the purchasers and users of the Kettle as described in this complaint and in particular the Plaintiff would be operating those machines in a manner as described in this complaint, and that that operation would create a positive and substantial risk of serious bodily harm for people in the same or similar position as Plaintiff.

42.  Even though Defendant knew that for persons in the position of Plaintiff the likelihood of harm was great, Defendant failed to provide adequate safeguards, failed to warn or adequately warn of the inherent dangers.

43.  The conduct on the part of Defendant was reckless and wanton in that the likelihood of harm was highly probable and that the resultant foreseeable harm could be devastating.  Due to this wanton and reckless conduct of Defendant, Plaintiff is entitled to punitive damages.

## <u>TRAIL BY JURY DEMANDED</u>

WHEREFORE PREMISES CONSIDRED, Plaintiff now brings this cause of action against Lee Industries and demands judgment of and from the Defendant which will fairly compensate Plaintiff for his injuries and damages, together with all costs and pre and post judgment interest to be determined at trial of this cause and judgment against Defendant for punitive damages in an amount to be determined at the trial of this cause plus interest. Respectfully submitted, this the 1st day of October, 2022.

**JEFFERY LOVE, PLAINTIFF**

By:     */s/* Kegan Coleman _____
KEGAN COLEMAN (MS Bar #105256)
*Attorney for Plaintiff*

8

**OF COUNSEL:**

KEGAN COLEMAN (MS Bar #105256)
KEGAN COLEMAN LAW FIRM PLLC
2094 OLD TAYLOR RD. STE 151
POST OFFICE BOX 252
OXFORD, MISSISSIPPI 38655
TELEPHONE: 662-350-0392
FACSIMILE: 1-877-581-1857
kcoleman@kegancolemanlawfirm.com