IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISON

JEFFERY LOVE                                                                                           PLAINTIFF

VS.                                                                                       CAUSE NO.: 3:22cv213-MPM-JMV

LEE INDUSTRIES, INC.                                                                                  DEFENDANT

### ORDER

On February 16, 2023, defendant Lee Industries, Inc. filed a Rule 12(b)(6) motion to dismiss the above-entitled products liability action. Plaintiff Jeffery Love did not respond to this motion, nor did he seek additional time to do so. In its motion to dismiss, defendant argues that:

> This product liability action arises out of allegations that Plaintiff was injured due to a defectively designed Kettle 7 Model 600 DMS1 ("Kettle") bearing Serial No. 61191-1. Plaintiff alleges that the Kettle activated without warning while he was operating and sanitizing the machine, causing him to become entrapped and suffer damages and injuries. The First Amended Complaint ("Complaint") filed in this cause should be dismissed because Plaintiff fails to plead the sufficient factual detail to support these claims under Mississippi product liability law.
> As set forth below, all product liability claims in Mississippi are governed by the Mississippi Products Liability Act ("MPLA"). Miss. Code Ann. § 11-1-63. The MPLA provides an exhaustive list of distinct theories by which a product liability action can be brought against a manufacturer, including defective design, defective manufacturing, failure to warn, and breach of express warranty. The MPLA also provides specific elements that Plaintiff must establish to support his product liability causes of action. *Id.* at §§ 11–1–63(a)(i)–(iii). As the exclusive remedy for product liability claims in Mississippi, Plaintiff's causes of action premised on product liability are subsumed under the MPLA. Thus, the following causes of action pled by Plaintiff pursuant to common law, and based on product liability, must be dismissed for failure to state a claim because Plaintiff has not pled sufficient facts to state plausible claims for relief under the MPLA: Strict Liability (Count One); Breach of Express Warranty (Count Two); and Negligence (Count Five).
> Plaintiff also asserts claims purportedly outside the purview of the MPLA, including claims for Breach of Implied Warranty of Fitness (Count Three) and Breach of Implied Warranty of Merchantability (Count Four). These claims similarly fail on their face, however, because Plaintiff's allegations consist of only legal conclusions, and the factual

allegations are simply insufficient as a matter of law pursuant to Rule 8 of the Federal Rules of Civil Procedure.

[Motion to dismiss at 1-2].

Once again, plaintiff has provided no response whatsoever to defendant's motion, and it does, in fact, appear that the complaint was drafted as if the MPLA had never been enacted. Thus, to the extent that the complaint asserts common law claims which have been subsumed into the MPLA, those claims are due to be dismissed. At the same time, this court is not prepared to state that it agrees with every last argument set forth in defendant's motion to dismiss, and it notes that plaintiff's complaint alleges that he suffered a "mangling injury to [his] lower extremities, resulting in permanent impairment to both [his] legs." [Complaint at 3]. These are allegations of serious injuries, and plaintiff deserves to have them pursued by an attorney who has conducted the necessary research into Mississippi products liability law and is prepared to prosecute the claims with diligence. That being the case, this court is hesitant to issue a final dismissal of this action simply because plaintiff retained an attorney who was not prepared to give this case the attention it deserves. This court will therefore give counsel for plaintiff *one final chance* to properly prosecute this lawsuit, namely by filing an amended complaint which properly reflects Mississippi products liability law after the enactment of the MPLA and which includes factual allegations which comport with federal pleading standards. Counsel for plaintiff should not assume that any future leniency will be granted to him in the prosecution of this action.

In light of the foregoing, it is ordered that defendant's motion to dismiss is granted in part, and plaintiff's common law claims which have been subsumed into the MPLA are hereby dismissed. Plaintiff has thirty (30) days from the issuance of this order to file an amended

complaint based upon the provisions of the MPLA, failing which this action will be dismissed for failure to prosecute.

    This, the 5th day of April, 2023.

                                      /s/Michael P. Mills
                                      UNITED STATES DISTRICT JUDGE
                                      NORTHERN DISTRICT OF MISSISSIPPI