IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISON

JEFFERY LOVE                                                                                      PLAINTIFF

VS.                                                                    CAUSE NO.: 3:22cv213-MPM-JMV

LEE INDUSTRIES, INC.                                                                         DEFENDANT

**ORDER**

This cause comes before the court on defendant Lee Industries, Inc.'s second motion to dismiss this products liability case for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a defendant's motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has the requisite facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Id.*

As noted previously, the instant filing represents defendant's *second* Rule 12(b)(6) motion to dismiss, and, in an April 5, 2023 order addressing the first such motion, this court agreed with defendant that plaintiff's original complaint "assert[ed] common law claims which have been subsumed into the Mississippi Products Liability Act (MPLA)."  This court

1

accordingly dismissed those common law claims and instructed plaintiff to proceed under the provisions of the MPLA. [Slip op. at 2]. At the same time, this court wrote that it was "not prepared to state that it agrees with every last argument set forth in defendant's motion to dismiss," emphasizing that plaintiff's complaint alleges that he suffered serious permanent injuries resulting from defendant's defectively designed Kettle 7 Model 600 DMS1 ("Kettle") having "activated without warning while he was operating and sanitizing" it, causing him to become entrapped and suffer serious permanent injuries. [Slip op. at 1-2].

In partially denying defendant's motion to dismiss, this court emphasized its belief that there were serious allegations of design defect set forth in the complaint, and it was accordingly unwilling to completely dismiss this action based solely on the failure of counsel for plaintiff to have carefully drafted a complaint. Following this court's order granting in part and denying in part defendant's motion to dismiss, plaintiff filed a Second Amended Complaint in which he properly limited his claims to those arising under the MPLA. Shortly after this amended complaint was filed, defendant filed a second Rule 12 motion to dismiss, in which it argues that, even as modified, the complaint fails to properly state a claim under the MPLA. In this renewed motion to dismiss, defendant argues that that the amended complaint "consists entirely of legal conclusions mirroring the language of the MPLA," and it asserts that plaintiff "has not added any new factual allegations comporting with federal pleading standards." [Motion to dismiss at 2].

In considering defendant's motion, this court tends to agree that plaintiff's amended complaint is somewhat conclusory in nature, but it clearly represents a vast improvement over his original complaint. In recognition of this fact, and considering its above-stated views regarding the serious nature of plaintiff's factual allegations of design defect, this court is not prepared to dismiss this action based on a failure to allege sufficient facts when plaintiff has been

given no opportunity to develop the facts of this case during discovery. If defendant still believes after discovery that plaintiff's claims lack merit, then it may file a summary judgment motion so arguing, and this court will duly consider its arguments at that time. At this juncture, however, this court believes that plaintiff's amended complaint contains sufficient allegations of a defective product under the MPLA to counsel against dismissal and to allow discovery in this case to proceed. Defendant's second motion to dismiss will accordingly be denied.

In light of the foregoing, it is ordered that defendant's motion to dismiss [22-1] is denied. This court notes that Liberty Mutual Insurance Company has filed a motion to intervene [24-1] which is unopposed by any party and will accordingly be granted.

This, the 27th day of September, 2023.

        /s/Michael P. Mills
      UNITED STATES DISTRICT JUDGE
      NORTHERN DISTRICT OF MISSISSIPPI