**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISON**

JEFFERY LOVE                                                                                          PLAINTIFF

VS.                                                                      CAUSE NO.: 3:22cv213-MPM-JMV

LEE INDUSTRIES, INC.                                                                         DEFENDANT

**ORDER**

This cause comes before the court on the motion of defendant Lee Industries, Inc. for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Jeffrey Love has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a products liability case in which this court has repeatedly shown plaintiff great leniency and forbearance for his failure to properly prosecute his claims. Plaintiff's claims arise out of allegations that he was injured due to a defectively designed Kettle 7 Model 600 DMS1 ("Kettle") which, he alleges, activated without warning while he was operating it, thereby causing him to become entrapped and suffer injuries. Factually speaking, these basic claims have always struck this court as being significant ones, which has led it to rather generously overlook plaintiff's repeatedly-demonstrated unwillingness to prosecute them. This court first showed plaintiff leniency in an April 5, 2023 order on a motion to dismiss filed by defendant, as to which plaintiff did not even bother to file a response. It is arguable that this court should have simply granted the motion to dismiss as unopposed at that point, but, noting the substantive nature of his allegations, it determined that it should not punish plaintiff for the lack of diligence shown by his counsel.

While this court therefore denied defendant's motion to dismiss, it did agree with it that plaintiff had improperly based his products liability claims upon Mississippi common law which had since been replaced by the provisions of the Mississippi Products Liability Act ("MPLA"). *See* Miss. Code Ann. § 11-1-63. This court accordingly granted plaintiff an opportunity to amend his complaint, while making clear that he was being given "one final chance to properly prosecute this lawsuit" and should not count on further leniency from this court. [April 2023 order at 2]. Specifically, this court wrote that:

> Once again, plaintiff has provided no response whatsoever to defendant's motion, and it does, in fact, appear that the complaint was drafted as if the MPLA had never been enacted. Thus, to the extent that the complaint asserts common law claims which have been subsumed into the MPLA, those claims are due to be dismissed. At the same time, this court is not prepared to state that it agrees with every last argument set forth in defendant's motion to dismiss, and it notes that plaintiff's complaint alleges that he suffered a "mangling injury to [his] lower extremities, resulting in permanent impairment to both [his] legs." [Complaint at 3]. These are allegations of serious injuries, and plaintiff deserves to have them pursued by an attorney who has conducted the necessary research into Mississippi products liability law and is prepared to prosecute the claims with diligence. That being the case, this court is hesitant to issue a final dismissal of this action simply because plaintiff retained an attorney who was not prepared to give this case the attention it deserves. This court will therefore give counsel for plaintiff one final chance to properly prosecute this lawsuit, namely by filing an amended complaint which properly reflects Mississippi products liability law after the enactment of the MPLA and which includes factual allegations which comport with federal pleading standards. Counsel for plaintiff should not assume that any future leniency will be granted to him in the prosecution of this action.

[*Id.* at 2].

Following this order, plaintiff did file an amended complaint basing his claims upon the MPLA, which gave this court at least some indication that his counsel was not completely "asleep at the wheel." [Docket entry 21]. The amended complaint was, however, quite conclusory in nature, and, that being the case, this court seriously considered granting defendant's motion to dismiss it. That renewed motion to dismiss was based upon arguments

that, even though the amended complaint properly relied upon the MPLA, it did not state a proper products liability claim under Rule 12(b)(6).

In choosing to first give plaintiff an opportunity to conduct discovery before ruling on the merits of his products liability claims, this court wrote in a September 27, 2023 order that:

> In considering defendant's motion, this court tends to agree that plaintiff's amended complaint is somewhat conclusory in nature, but it clearly represents a vast improvement over his original complaint. In recognition of this fact, and considering its above-stated views regarding the serious nature of plaintiff's factual allegations of design defect, this court is not prepared to dismiss this action based on a failure to allege sufficient facts when plaintiff has been given no opportunity to develop the facts of this case during discovery. If defendant still believes after discovery that plaintiff's claims lack merit, then it may file a summary judgment motion so arguing, and this court will duly consider its arguments at that time. At this juncture, however, this court believes that plaintiff's amended complaint contains sufficient allegations of a defective product under the MPLA to counsel against dismissal and to allow discovery in this case to proceed. Defendant's second motion to dismiss will accordingly be denied.

[September 2023 order at 2-3]. This court thus chose, once again, to throw plaintiff a lifeline by giving him an opportunity to develop factual support for his claims in discovery. Plaintiff was also clearly informed on the docket of the fact that he was required to designate his expert witness[es] on or before June 21, 2023. [Docket entry 15].

Defendant has since filed a motion for summary judgment in which it makes clear that plaintiff did not make serious efforts to either meet his obligation to conduct discovery or to support his claims with expert testimony. In describing plaintiff's actions in this regard, defendant writes that:

> The Court's deadline for dispositive and *Daubert*-type motions is October 23, 2023. As the discovery period has closed, Lee Industries now moves for summary judgment in its favor in accordance with the Case Management Order deadlines. Love has developed no evidence through discovery sufficient to raise a genuine issue of material fact that the Kettle was defective, or that Lee Industries breached any warranties; further, Love has offered no evidence that a defect caused his injuries. As such, summary judgment should be awarded in favor of Lee Industries.
> The only evidence produced by Love during the discovery period was his Rule 26(a) Initial Disclosures. In those disclosures, Love failed to identify any facts that would

support the elements of his product liability claims under the MPLA. The document disclosures consisted only of medical records. Additionally, Love failed to designate any competent and reliable expert(s) to support the claims set forth in his Second Amended Complaint [Doc. 21] even though expert testimony is required to prove the elements of his MPLA claims. As Love has wholly failed to submit proof on the essential elements of his claims, summary disposition is appropriate.

[Summary judgment brief at 2-3].

This court notes that, in its summary judgment brief, defendant does not simply rely upon plaintiff's failure to designate an expert witness. To the contrary, defendant's brief repeatedly cites issues regarding which plaintiff carries the burden of *proof* under the MPLA, including the requirement that he prove the existence of a design defect and that he demonstrate the existence of a feasible alternative design. [Brief at 10-12]. Defendant's brief then submits highly substantive arguments, supported by affidavit testimony, explaining why plaintiff has failed to meet his burden of proof on any of these issues. [*Id.*]. In response, plaintiff has submitted a brief which barely justifies being characterized as an actual "response" to defendant's thorough and substantive submission. To the contrary, plaintiff's brief largely ignores the specific arguments raised by defendant in its motion for summary judgment, and, to the extent that he offers any arguments in favor of the substantive merits of his claims, he does so without citing any summary judgment evidence whatsoever, outside of his own self-serving and entirely conclusory affidavit. In his summary judgment brief, plaintiff seems to want to pretend that defendant has only taken issue with his failure to designate an expert in support of his claims, but that is clearly not the case. This court concludes that, by repeatedly ignoring defendant's substantive arguments regarding the merits of his products liability claims, plaintiff has conceded its motion for summary judgment, quite apart from the issue of expert testimony.

While this court accordingly believes that summary judgment is in order even without addressing the issue of plaintiff's lack of expert testimony, it finds that his submission on this

issue clearly demonstrates the lack of seriousness of both his claims and of his attitude towards this litigation. Indeed, in seeking permission to designate an expert out of time, plaintiff writes that he "had previously not designated an expert in this matter due to the time and expense which would be incurred by Plaintiff in order to adjudicate these claims." [Motion to designate out of time at 1]. While it strikes this court as perhaps understandable that some plaintiffs would find it difficult to meet the "expense" necessary to obtain the assistance of a qualified trial expert, the simple fact is that expert testimony is an essential part of a products liability case, and, as such, no attorney should accept such a case if he is unable to meet that expense.

In light of the foregoing, plaintiff's concession that he wishes to avoid the "expense" of obtaining expert testimony seems bad enough, but his plea that he wishes to avoid expending the "time" necessary to prosecute his claims is on another level entirely. Indeed, this court cannot recall reading such a candid admission from an attorney in a case before it, and, in his brief, counsel makes clear that, in so arguing, he did not mis-speak. To the contrary, counsel reiterates in his brief that:

> Plaintiff has provided a clear and reasonable explanation for the delay in designating himself as an expert witness. The financial constraints associated with retaining an expert, as well as the time-intensive nature of such endeavors, are legitimate obstacles that Plaintiff faced. Plaintiff's candid disclosure of these challenges underscores the sincerity of the request and the necessity for flexibility in allowing him to provide his expert testimony.

[Motion to designate out of time at 3].

This court does not deceive itself that counsel is, by any means, alone in wishing to avoid spending time and effort in prosecuting a case, since it has encountered many other bare-bones summary judgment responses which betray an unspoken desire in this regard. While it can thus be argued that counsel should "win points for honesty" in candidly admitting his motivations, it should go without saying that they do not constitute a proper basis for seeking to designate an

expert out of time or for the denial of the motion for summary judgment. Indeed, this court would find plaintiff's admitted motivations to be legally insufficient in *any* case, but the issue is particularly clear in this case, in which plaintiff has already received his "final warning" for failing to properly prosecute his claims.

This court notes that plaintiff's motion to designate an expert out of time approaches the level of dark comedy when he makes it clear that the "expert" whom he would designate out of time is: himself! In support of his alleged status as an "expert," plaintiff asserts that he has "been actively involved in the meat processing industry for two years" and that his "professional experience includes working with machinery similar to the Kettle 7 Model 600 DMS1 at issue in this lawsuit." [Love affidavit at 1]. This court finds these to be very underwhelming qualifications for an alleged expert, quite apart from the fact, as an individual who seeks to financially benefit from this lawsuit, Love is entirely lacking in any impartiality or objectivity. This court further notes that Love's expert "opinions" are highly conclusory in nature, such as his assertions that:

> 8. It is my professional opinion, based on my knowledge and experience, that the Kettle 7 Model 600 DMS1 in question exhibited substantial deviations from the recognized industry standards.
> 9. These deviations were a direct contributing factor to the injuries sustained by the Plaintiff, as alleged in the Complaint for damages.
> 10. The injuries and damages suffered by the Plaintiff were a result of the defective design, inadequate warnings, and failure to adhere to industry standards in the manufacture
> and/or design of the Kettle 7 Model 600 DMS1.

[Love affidavit at 2].

In its response, defendant provides additional, and persuasive, arguments as to why it would be improper to grant plaintiff's motion to designate himself as an expert out of time, but this court regards any further elaboration on this obviously meritless motion to be unwarranted.

This court finds that plaintiff is obviously unwilling to do what is required to properly prosecute his claims, and it regards defendant's summary judgment briefing as entirely unrebutted and fully persuasive. Defendant's motion for summary judgment will accordingly be granted.

In light of the foregoing, it is ordered that defendant's motion for summary judgment is granted, and plaintiff's motion to designate his expert out of time is denied.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

This, the 29th day of December, 2023.


/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI